**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01500-REB-KLM

PHILLIP HARPER,

    Plaintiff,

v.

PHILLIPS & COHEN ASSOCIATES, LTD, a New Jersey corporation,

    Defendant.

---

## ORDER GRANTING MOTION FOR ATTORNEY FEES

---

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Attorneys Fees** [#25] filed February 17, 2009. The defendant filed a response [#26] and the plaintiff filed a reply [#27][1]. I grant the motion.

In his complaint, the plaintiff brought claims against the defendant under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692p (FDCPA). Ultimately, the plaintiff accepted the defendant's offer of judgment in the amount of 2,000 dollars. *Acceptance* [#21]. The offer and the judgment included "reasonable attorneys' fees to date in an amount t be determined by the Court." *Amended Judgment* [#24]. The plaintiff then filed his **Motion for Attorneys Fees** seeking a determination of the reasonable attorney fees to be paid by the defendant. The FDCPA provides that a successful plaintiff shall be awarded a reasonable attorney's fee as determined by the

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

court.  15 U.S.C. § 1692k(a)(3).  In resolving the plaintiff's current motion, the basis for an award of attorney fees is simply the parties agreement as reflected in the offer of judgment and acceptance.

Any determination of reasonable attorney fees starts with a calculation of the "lodestar" amount.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983).  The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  **Hensley**, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  **Homeward Bound, Inc. v. Hissom Memorial Ctr.**, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  **Blum v. Stenson**, 465 U.S. 886, 895 (1984).

I have reviewed carefully the detailed billing records submitted by the plaintiff's attorney, David M. Larson.  *Motion for Attorneys Fees* [#25] and attachments.  I find that the number of hours Larson spent on this litigation is reasonable.  Larson's hourly rate of 250 dollars also is reasonable, given the prevailing market rates in the community for an attorney with similar experience. Multiplying the number of hours Larson spent on this case by the hourly fee of 250 dollars results in a lodestar amount of 9,225 dollars.

The defendant argues that Larson has failed to establish that his hourly rate is reasonable in the market of the relevant community.  I disagree.  The information provided with the plaintiff's **Motion for Attorneys Fees** is sufficient to demonstrate that Larson's hourly rate is reasonable.  The defendant argues also that Larson spent excessive time on certain tasks and improperly billed for certain administrative tasks.  Having reviewed the record, I disagree.

In sum, I find and conclude that the number of hours spent by the plaintiff's

attorney on this litigation is reasonable, that the hourly rate charged by the plaintiff's attorney is reasonable, and that the total fee charged by the plaintiff's attorney is reasonable. Therefore, I grant the plaintiff's **Motion for Attorneys Fees** for the lodestar amount of 9,225.00 dollars.

      **THEREFORE, IT IS ORDERED**

      1.  That the plaintiff's **Motion for Attorneys Fees** [#25] filed February 17, 2009, is **GRANTED**;

      2.  That the plaintiff is **AWARDED** 9,225.00 dollars in attorney fees, which shall be paid to the plaintiff by the defendant; and

      3.  That the defendant shall pay to the plaintiff 9,225.00 dollars on or before close of business on October 5, 2009.

      Dated September 21, 2009, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge